UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAN G. MCCAMEY

        Plaintiffs,

   v.

HEWLETT PACKARD COMPANY, FRANK BOULLIER, ROBERT LANGERMAN, and THOMAS RATHJENS

        Defendants.
_____

Civ. No. S-11-0702 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the motions of defendant Hewlett Packard Company ("HP" or "defendant")[1] to dismiss plaintiff Jan McCamey's ("plaintiff") complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) and to strike

---

[1] Plaintiff's complaint names three individual defendants: Robert Lagerman, Thomas Rathjens and Frank Boullier. This motion was brought by both HP and individual defendant Lagerman. However, on August 29, 2011, after defendants filed this motion, plaintiff voluntary dismissed each of these individual defendants. Thus, this order only concerns plaintiff's claims against HP. (Pl.'s Notice of Voluntary Dismissal, filed Aug. 29, 2011, [Docket #17].)

1

paragraphs 12-19 of plaintiff's complaint pursuant to FRCP 12(f).[2] Plaintiff opposes the motion. Defendant seeks dismissal of plaintiff's claims[3] for (1) unlawful retaliation in violation of Title VII and the California Fair Employment and Housing Act ("FEHA"), (2) violation of the Americans with Disabilities Act ("ADA") and FEHA for disparate treatment, (3) violation of the ADA and FEHA for failure to reasonably accommodate and (4) violation of the ADA and FEHA for failure to engage in the interactive process.[4] Defendant also moves to strike paragraphs twelve to nineteen of plaintiff's first amended complaint.

**BACKGROUND**

This case arises out of plaintiff's allegations that she was treated disparately by her employer, defendant HP, because of her disability and that HP retaliated against her after she complained to the corporation of specific instances of past sexual harassment.

---

[2] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

[3] Defendant, in its motion to dismiss, does not address plaintiff's fifth or eleventh claim against HP for wrongful termination in violation of public policy and intentional infliction of emotional distress. Thus, plaintiff's fifth and eleventh claims are not affected by this motion. (See Def.s' Reply to Pl.'s Opp'n, filed Aug. 25, 2011, [Docket # 16], at 4:125 n.1) (conceding that defendants did not seek dismissal of plaintiff's fifth and eleventh claims.)

[4] Plaintiff, in her opposition to defendant's motion, concedes that her first claim for sexual harassment, her seventh claim for failure to prevent harassment, her eighth claim for negligent supervision, her ninth claim for assault and her tenth claim for battery are all time barred. Thus, those claims are dismissed with prejudice. (See Pl.'s Opp'n to Def.'s Mot. to Dismiss ["Pl.'s Opp'n"], filed Aug. 16, 2011, [Docket #14], at 2:16-21.) Therefore, this order only discusses plaintiff's second, third, fourth and sixth claims for relief.

2

HP employed plaintiff until March of 2009, when HP terminated her. (Pl.'s First Am. Compl. ["FAC"], filed May 23, 2011, [Docket #6], ¶1). Plaintiff originally worked for HP's Houston office. (FAC ¶ 11.) Plaintiff alleges that, between June of 2003 and March of 2006, when she was in Houston, she was both sexually harassed and sexually assaulted[5] by three separate HP employees.[6] (Id.) In the Spring of 2006, HP began an investigation into whether plaintiff was receiving preferential treatment. (Id. ¶ 41.) During the course of the investigation, plaintiff was interviewed by HP's human resources department. (Id. ¶ 42.) During the interview, plaintiff reported the alleged previous sexual assaults and sexual harassment of three HP employees. (Id.) Plaintiff alleges that, after the investigation, human resources told her they would be recommending a salary increase; that increase, however, never came to fruition. (Id. ¶¶ 45.) On July 26, 2006, plaintiff provided human resources with a detailed report regarding the alleged assault and harassment. (Id. ¶ 48.)

After the report, human resources instituted another investigation. (Id. ¶ 49.) During the course of the second investigation, HP ordered plaintiff to attend a meeting in Cupertino, California, accompanied with the three men she alleges

---

[5] The court does not go into detail concerning the specific allegations of sexual harassment as they are irrelevant to plaintiff's claims for discrimination based on her disability after she moved to California. As plaintiff clearly conceded in her opposition, any claim based on the conduct plaintiff alleges constituted sexual harassment is time barred. (Pl.'s Opp'n at 2:16-21.)

[6] The three employees plaintiff alleges sexually harassed her are the same three defendants she voluntarily dismissed.

3

assaulted and harassed her. (Id.)  Subsequently, plaintiff provided human resources with the names of witnesses she alleges had direct knowledge of the assaults and harassment. (Id. ¶ 50.) According to plaintiff, nobody from HR contacted any of the witnesses plaintiff disclosed. (Id.)

In August 2006, plaintiff moved to California to work out of HP's Roseville office. (Id. ¶ 52.)  Plaintiff alleges that, in conjunction with the move to California, HP promised she would receive an 11% pay raise. (Id.)  According to the complaint, on October 12, 2006, after plaintiff moved to California, defendant informed her that "her move to California, 11% California pay differential, and her request to [work] as a home based employee . . . had not yet been approved and would likely be denied." (Id. ¶ 53.)  The next day, HP increased plaintiffs job responsibilities, transferring to plaintiff certain projects previously handled by other employees. (Id. ¶ 54.)

In December of 2006, plaintiff was called to a meeting to discuss the complaint she filed five months before. (Id. ¶ 57.) At the meeting, human resources allegedly told plaintiff that she no longer needed to worry about any future harassment because the men she alleged assaulted and/or harassed her had either left the company or had taken "standards of business training." (Id.) Plaintiff felt that the outcome of the investigation was unacceptable. (Id. ¶ 59.)

Plaintiff claims that her work "environment became so hostile that [she] suffered physical and emotional injuries resulting in her seeking further medical attention." (Id. ¶ 59.) Plaintiff, at the recommendation of her physician, remained on

disability through 2007, 2008 and 2009. (Id. ¶ 59-60.) Plaintiff claims that she incurred thousands of dollars of medical expenses that have not been reimbursed." (Id.)

Plaintiff alleges that, in January of 2008, she received a letter from HP informing her that she would be administratively terminated. (Id. ¶ 61.) After receiving the letter, plaintiff protested that such a termination would be wrongful given her disability, which plaintiff alleges was "proximately caused" by the harassment and discrimination she suffered at HP. (Id.) Subsequently, HP revoked plaintiff's termination and she was permitted to remain on leave. (Id.) In January of 2009 HP informed plaintiff that her disability benefits had been exhausted. (Id. ¶ 62.) Finally, in March of 2009, HP administratively terminated plaintiff.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (Id. ¶ 69.) The EEOC issued a right to sue letter on January 7, 2011 and a copy of the charge was thereafter filed with the California Department of Fair Employment and Housing ("DFEH"). (Id. ¶ 69.) Plaintiff, in her opposition to the motion to dismiss, alleges that she also received a right to sue letter from DFEH. (See Pl.'s Opp'n at 7:2.)

**STANDARD**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what

the claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 570). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. at 1952. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." Id. at 1949. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See Mir v. Little Co. Of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

///
///
///
///

7

**ANALYSIS**

**A. Motion to Dismiss**

Defendant contends that all of plaintiff's FEHA-based claims[7] should be dismissed with prejudice for two reasons: (1) plaintiff was not a California employee at the time of the alleged harassment and the alleged unlawful conduct did not occur in California and (2) plaintiff failed to exhaust her administrative remedies under FEHA. (See Def.s' Mot. to Dismiss, filed July 25, 2011, [Docket # 11], at 15:3-23; see also Def.s' Reply at 4:14-5:25.) Plaintiff maintains that the conduct she alleges violated FEHA occurred after she moved from Houston to California. Moreover, plaintiff asserts that she did in fact exhaust her administrative remedies when she received a right to sue letter from both the EEOC and the DFEH.

In order to state a viable claim under FEHA, plaintiff must show that the conduct that allegedly violated FEHA occurred in California. See Campbell v. Arco Marine, 42 Cal. App. 4th 1850, 1861 (1996) (holding that FEHA "should not be construed to apply to nonresidents employed outside of [California] when the tortious conduct did not occur in California.") Therefore, plaintiff's complaint must specifically "state what aspects of the alleged conduct occurred in California." Dodd-Ownes v. Kyphon, Inc., 2007 WL 420191 *3 (N.D.Cal 2007).

Moreover, under Title VII, plaintiff is required to file an

---

[7] Each of these claims also include federal claims for violation of either the ADA or Title VII. However, defendant fails to address the substantive merits of plaintiff's claims under these acts. Therefore, even if the court were to find that plaintiff's FEHA-based claims should be dismissed, plaintiff's federal claims under Title VII and the ADA would remain.

administrative complaint[8] to the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(e)(1); National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 119 (2002).  Similarly, under FEHA, plaintiff must file a complaint with the DFEH and must obtain from it a notice of right to sue in order to be entitled to file a civil action in court based on violations of FEHA.  Romano v. Rockwell Int'l, Inc., 926 P.2d 1114, 1121 (1996) (*citing* Cal. Gov't Code § 12960.)

In this case, defendant's blanket assertion that plaintiff alleges no facts to establish that the alleged unlawful acts occurred in California is unavailing.  Plaintiff's FEHA claims based on retaliation, failure to accommodate, disparate treatment, and failure to engage in the interactive process are almost completely based on conduct that occurred after plaintiff moved to California.  Plaintiff alleges the following conduct on behalf of HP not only violated FEHA, but also occurred in California: telling plaintiff that her transfer to California would be denied; refusing to increase her pay as promised; denying her health benefits; increasing her workload; ordering her to attend a meeting in Cupertino; requiring her to work with employees she alleges harassed and assaulted her; suspending, denying and reinstating her health insurance; terminating her

---

[8] Defendants, in their moving papers, based their failure to exhaust arguments on both failing to name the individual defendants in the administrative charge and failing to allege sex-based harassment in her charge.  Defendants arguments in this regard, however, are now moot as plaintiff has voluntarily dismissed the individual defendants as well as her sex based harassment claims.

then subsequently withdrawing that termination; and, ultimately, terminating plaintiff indefinitely in March of 2009. (Compl. ¶¶ 52-69.) Whether this conduct actually amounts to a violation of FEHA is a wholly separate inquiry that has not been briefed by the parties. Regardless of whether this conduct constitutes a violation under FEHA, the conduct plaintiff asserts violated FEHA has a sufficient nexus to California to state a viable claim thereunder.

Although plaintiff's claims bear a sufficient nexus to California to state a claim under FEHA, she has failed to sufficiently plead that she exhausted her administrative remedies pursuant to FEHA. The face of the complaint demonstrates that plaintiff complied with the Title VII exhaustion requirement; however, the complaint fails to allege that she received a right to sue letter from the DFEH. More specifically, plaintiff clearly alleges in her complaint that she obtained a right to sue letter from the EEOC, which she attached to her complaint (Compl. ¶ 69.) Thus, her Title VII based claims cannot be dismissed for failure to exhaust her administrative remedies. However, while Plaintiff's complaint does allege that she filed a charge with DFEH, it does not sufficiently allege that she received a right to sue letter, as required by FEHA. The court notes, however, that plaintiff, in her opposition, alleges that she did indeed receive a right to sue letter from DFEH.[9] However,

---

[9] The court notes that plaintiff's declaration in opposition to defendants' motion to dismiss included a right to sue letter from DFEH. However, the court, in considering this motion to dismiss, is confined to the allegations on the face of the complaint. Thus, the court does not consider the exhibit attached to plaintiff's declaration.

10

that fact must be alleged in the complaint.  Thus, the court must grant defendant's motion to dismiss plaintiff's claims under FEHA for failure to exhaust administrative remedies; however, plaintiff is granted leave to amend to state that she has indeed received a right to sue letter from DFEH and to attach said letter to the complaint.

**B.   Motion to Strike**

Defendant contends that paragraphs 12-19 of plaintiff's first amended complaint should be stricken as irrelevant and unduly prejudicial. (Defs.' Opp'n at 17:6-14.)  Plaintiff maintains that the allegations contained in those paragraphs should not be stricken because they provide relevant background material. (Pl.'s Opp'n at 12:15-24.)  More specifically, plaintiff avers that paragraphs 12-19 "contain background material demonstrating how McCamey became disabled, and what caused her to complain to HP about sexual harassment." (Id. at 12:15-16.)

FRCP 12(f) permits "[t]he court [to] strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Id.  Immaterial matter is defined as that which "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), Rev'd on other grounds, 510 U.S. 517 (1994). Allegations may be stricken as scandalous if they bear no relation to the claims at issue and may cause the other party prejudice. Talbot v. Robert Matthews Distributing Co., 961 F.2d 654, 664 (7th Cir. 1992).  Whether to strike allegations

11

contained in a pleading as scandalous is within the discretion of the court. <u>Alvaro-Morales v. Digital Equipment Distirb. Co</u>, 84. F.2d 613, 618 (1st Cir. 1988). However, a court should not strike material that contains background information that is relevant to a claim or defense. <u>LeDuc v. Kentucky Cent. Life Ins. Co</u>, 814 F.Supp 820, 830 (N.D.Cal. 1992).

    The allegations contained in paragraphs 12-19 of plaintiff's complaint do not bear any rational nexus to plaintiff's claims against the originally named individual defendants or HP itself. More specifically, the allegations asserted in this portion of the complaint relate to sexual harassment plaintiff alleges she suffered when she was an employee at Compaq, prior to HP's acquisition of that company. Contrary to plaintiff's contention, the alleged sexual harassment plaintiff reported to HP, and which plaintiff claims was the impetus of the alleged retaliation, is wholly unrelated to the allegations of sexual harassment plaintiff alleges occurred during her employment with Compaq. Indeed, the alleged conduct plaintiff reported to HP related only to allegations of sexual harassment by individual HP employees after HP acquired Compaq. Moreover, plaintiff's disability related claims refer only to conduct that occurred in California, ten years after the alleged harassment by Compaq employees. Since the allegations contained in paragraphs 12-19 bear no relationship to plaintiff's retaliation and disability discrimination claims against HP, defendant's motion to strike is GRANTED.

///
///

**CONCLUSION**

For the reasons stated above, defendant's motion to dismiss is granted in part and denied in part. Specifically:

1. Defendant's motion to dismiss plaintiff's first claim for harassment in violation of FEHA and Title VII is GRANTED without leave to amend.
2. Defendant's motion to dismiss plaintiff's second claim for retaliation in violation of FEHA is GRANTED with leave to amend to add allegations that plaintiff exhausted her administrative remedies under FEHA; defendant's motion to dismiss plaintiff's Title VII claim is DENIED.
3. Defendant's motion to dismiss plaintiff's third claim for disparate treatment in violation of FEHA is GRANTED with leave to amend to add allegations that plaintiff exhausted her administrative remedies under FEHA; defendant's motion to dismiss plaintiff's ADA claim is DENIED.
4. Defendant's motion to dismiss plaintiff's fourth claim for failure to reasonably accommodate in violation of FEHA is GRANTED with leave to amend to add allegations that plaintiff exhausted her administrative remedies under FEHA; defendant's motion to dismiss plaintiff's ADA claim is DENIED.
5. Defendant's motion to dismiss plaintiff's claim for wrongful termination in violation of public policy is DENIED.

///

6. Defendant's motion to dismiss plaintiff's sixth claim for failure to engage in the interactive process in violation of FEHA is GRANTED with leave to amend to add allegations that plaintiff exhausted her administrative remedies under FEHA; defendant's motion to dismiss plaintiff's ADA claim is DENIED.

7. Defendant's motion to dismiss plaintiff's seventh claim for failure to prevent harassment in violation of FEHA in GRANTED without leave to amend.

8. Defendant's motion to dismiss plaintiff's eighth claim for negligent supervision is GRANTED without leave to amend.

9. Defendant's motion to dismiss plaintiff's ninth claim for assault is GRANTED without leave to amend.

10. Defendant's motion to dismiss plaintiff's tenth claim for battery is GRANTED without leave to amend.

11. Defendant's motion to dismiss plaintiff's eleventh claim for intentional infliction of emotional distress is DENIED.

IT IS SO ORDERED.

DATED: September 9, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE